The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and this honorable court. The court will hear argument in number 2015-58 Qualcomm v. Apple. Ms. Sweezy, please begin when you're ready. Thank you, Your Honor. Good morning. May it please the court. The board's still ground for finding the challenged claims unpatentable with statutorily improper. This court should reverse. The issue here concerns the scope of inter-parties review and specifically the text of section 311 B of the AIA which identifies specific categories of prior art that can be used as a ground in an IPR. You mean as a basis, right? Yes, Your Honor. Technically as a basis. The grounds would be 102, 103 and then as a basis. Right. I know the language in IPR practice uses ground for basis but since we're talking about the statute we might keep that language consistent with the statute. Yes, Your Honor. Thank you. I will. The statute does limit the basis for an IPR to two specific categories. They would be first patents and second printed publications that are prior art to the challenged patent. The text that the issue is on the basis of prior art consisting of patents or printed publications. That is a clear rule that limits what can be used as a basis in an IPR. Here the board exceeded that scope. The board rested on a basis that combined statements in the 674 patent itself with the majorsic reference. That is not permissible because it does not meet the categories under section 311 B. The 674 patent, the challenged patent, is not a prior art reference. It is not a prior art patent. It is not a prior art printed publication. And because the board exceeded a statutory scope in issuing a final written decision that rested on a basis that attempted to combine the patent itself with a reference, the court should reverse. What kind of uses of things that are not prior art patents or printed publications are permissible in deciding IPR questions? Like admissions, like expert testimony about common knowledge. Surely some such uses are permissible and so the question would be whether how to Yes, Your Honor. And this court has recognized that distinction. The statute does itself. In other words, section 311 B is really directed to what can be the basis. And this court has recognized that there are other uses of other types of evidence. Whether that be statements in the challenged patent itself, in the background section or elsewhere, expert declarations, other prior art references or even non-prior art. And the types of uses that that evidence can be made of would be what the court has characterized as supporting roles, limited supporting roles. So for instance, any of this other evidence could be used to understand what the asserted art means. Where does the phrase limited supporting role come from that you were just using? Supporting role, and the actual quote is proper supporting roles. It's from the Yetta decision where this court actually cataloged these various uses. It wasn't specifically addressing statements in the challenged patent itself, but it was recognizing that there is other evidence that can be used in an inter-parties review beyond specific asserted art. So for instance, informing what the level of ordinary skill in the art might be, understanding what the asserted references actually disclose. There might be other documents or evidence, expert testimony. What about something that might be at least getting close to what's going on here, whether it gets all the way there or not, is another question, which is a reason to supply a reason to modify a particular reference. So in a way that our supplies a final claim element and arrives at the claimed invention. Right, Your Honor, that would also be a permissible use. In other words, in the sense of it could be evidence demonstrating that a person of ordinary skill in the art might modify one of the asserted references. And the court has recognized that under section 103, the artisan's general knowledge is part of that inquiry. And so certainly section 311B acknowledges that 103 has a role here. That's one of the statutory grounds. But the basis of the 103 would be a combination or a single reference that would be asserted, how that reference might be read by a person of ordinary skill in the art, how it might be modified, how it might be combined with another reference that is part of that basis. Those uses could be made of other evidence, whether it's expert testimony opining on what's in the general knowledge or other references. This is Judge Chen. What about supplying claim limitations? No, Your Honor. Section 311B, that would be precisely what 311B would prohibit, using statements in the patent itself. Is that what we see in the research that we, or Conan Clique Phillips, that you can't rely on admissions or knowledge of a patent for matching up with certain claim limitations? In a sense, Your Honor, that the 103 inquiry does take into account how a person of ordinary skill in the art would read the asserted references. The threshold, though, needs to be what are the asserted references. And that's precisely what section 311B... I'm sorry, I'm a little confused. My understanding of our case law is that we've already endorsed or blessed or accepted the reliance on things like knowledge of a skilled artisan and or admitted prior art to supply at least one claim limitation or maybe more than one. I mean, we can get into an argument about, well, then what does it mean to be the basis? But as I understand the state of our case law, we've already made a statement that it is okay for things like established knowledge of a skilled artisan to support a finding that it was known in the prior art, that certain claim limitations in the claim were known. Am I wrong about that? With one caveat, Judge Chen, if I can address where the question landed and then one comment you made as part of the question. So, no, we completely agree that the case law has recognized that the general knowledge of the artisan can inform the 103 analysis. The distinction is that in IPRs, Congress has made the choice of what can be the basis for a 103 contention. And it has specified two particular types of prior art. And this court has consistently recognized that phrasing, albeit in a Section 301 context for reexamination, but where that same language is used as understanding that the phrase prior art consisting of patents or printed publications means the natural reading that the references that can be used, the documents that can be used to challenge an issued patent consist of prior art patents or prior art printed publications. Ms. Weezy, this is Judge Bryson, and I want to follow up on the questions of my two colleagues, because I'm struggling to understand the distinction that you're drawing between basis and supporting evidence or other materials. Do you have a definition that would help us with that, rather than our trying to cobble together examples? Is there something more definitional, or are we really talking about something fairly formalistic, as in this is obvious under X in light of Y, in which X and Y would be the basis, and everything else would be the supporting evidence? Your Honor, I think by force of statute, whether we want to call it formalistic or not, Congress has made the choice as to what can be used as a basis for reporting. Right, I understand that. What I want to know is what you think, how you would define the term basis here. Is it just in the formalistic sense that as long as the PTO is not using the references in the formalistic sense, X in light of Y, that everything else is open season? Or is it something more restrictive? I do think I agree with the phrasing that Congress has said, that the contemplated scope of inter-parties review would be an asserted reference as a single reference obviousness, or reference X in light of reference Y. That is the scope of 311B and what informs the basis. This Court has reconciled, however, that other evidence can be used. Please continue. Thank you. In terms of a definition, Your Honor, I think it really goes back to, we're talking specifically here about Section 103 and general knowledge. And in cases like Phillips v. Google, Pace v. Ford, Sanofi v. Milan, this Court has recognized that evidence can be used to inform once you have the threshold understanding of what is the asserted art by the petitioner. I don't think there's really a difficulty here in terms of line drawing. The Court in Phillips, and I think Phillips teaches us a lot of lessons here, has already done that inquiry. So it's already first evaluated what is the ground asserted by the petitioner and explained that it does matter how the petitioner articulates its grounds. The analysis goes back to SAS Institute and the petitioner being the master of its complaint. And in Phillips, even where the petitioner said that the Board had articulated a third ground using the same evidence and the same arguments as the petitioner, this Court said that cannot be done. That's recasting a ground. It's the petitioner that needs to master its complaint. The rest of Phillips, that I think also informs this and is very helpful, says that a petitioner could assert a single reference and say that that reference could be modified in some sense based on what the ordinary artisan would know. And all kinds of evidence could inform that inquiry, whether it's statements in the challenge patent itself, specs for declarations, other art. But that needs to be properly... Just so I follow up on this, on my question. Yes. In Phillips, the basis, I don't know, the ground of the challenge, whatever you want to call it, it was smell plus general knowledge of the skilled artisan. And it was the pipelining limitation in the claim that the challenger pointed to the knowledge of the skilled artisan for that limitation. Is that right? As part of that evidence, Judge Chen... Was there something in the actual prior art reference itself that topped the pipelining limitation? Yes. This court said, recognized that the law reference also taught that and that there was also expert declaration. This court, in cases like Ariosa, has been clear that... ...of a 103 challenge in an IPR. And if we think that, if that's the way we read Phillips, then wouldn't it likewise be okay to say, to make a basis of a 103 challenge in an IPR, a prior art reference in conjunction with admitted prior art? Given that admitted prior art is really just another way of identifying what is already within the knowledge of the skilled artisan before the date of the patent. So I'd like to answer the first part that I read Phillips... Well, you have to accept the way I read Phillips in the hypothetical. It's just the hypothetical. But the hypothetical is, you can use an IPR in which the challenge is based on a prior art reference in conjunction with the knowledge of a skilled artisan in which you are relying on the knowledge of the skilled artisan to supply a claim limitation that is missing from the actual prior art reference you are asserting in the challenge. Under that hypothetical, Judge Chen, if the only evidence that is being asserted as demonstrating general knowledge is, quote-unquote, prior art from the patent itself, that does not meet Section 311B because it is not a prior art patent or a prior art printed publication. So that would either be an end run, an improper end run around Section 311B, or simply directly contrary to it. The court has recognized that the board and this court can certainly police, and I think a clear ruling from this court on the scope of 311B would disincentivize misuses of so-called applicant-admitted prior art. AFL is attempted to use, and the board used, statements in the challenge patent itself under 311B. Prior art. Why don't you wrap up, and then you'll have your rebuttal time back. Thank you. And I just wanted to reinforce that the hypotheticals we're discussing here are not the situation here where Apple used a reference under 311B for one limitation, but relied on the statements in the patent itself as most of the majority of limitations. That's not the contemplated scope of Section 311B. And Apple clearly brought its grounds, its basis on the majorific reference in view of the other way, actually, starting with the so-called applicant-admitted prior art, which is outside the scope of Section 311B. Thank you for the additional time, and hopefully I'll have some time for rebuttal. Thank you. Okay. Thank you. Ms. Queller? Yes, Your Honor. Your Honor, may it please the Court, the Director intervenes to request that this Court use its discretion to remand the proceedings back to the agency in order to allow the Board to reconsider the final written decision and apply the Director's guidance on the use of applicant-admitted prior art. Should we decide anything at all before we remand or just remand? I mean, it seems to me that there's a sort of the main debate between the parties, which may actually have a very easy resolution, that is a resolution in favor of Qualcomm, that the two printed publications and patents themselves have to be prior. The patent itself is not prior, so they can't be the basis, and that would then leave the question, well, is the admission in this patent a basis? Should we decide even that first question? Your Honor, it is within this Court's discretion, of course, to decide the statutory interpretation of 311 as a de novo issue. The Director just requested a remand just based on the legitimate concern that the Court's review be based on the current agency's statutory interpretation, which differs from the analysis that the Board decision used that is currently before the Court. So what do you think basis means? Is it a matter of the formality? I don't mean to diminish the significance by using that term in the statement of the ground as AAPA in view of Maturzyk. Is it a matter of how much is being used? Is it a matter of whether in the heading the AAPA comes first or second? On the assumption that that's the remaining question, what should we think about that? I'm not sure, actually, that the Director's guidance actually supplies very much guidance on that question. With respect to the order of references, I'll take that portion first. The Board did address that, and I agree with that decision on Appendix 22 that rarely does the order of reference and the positional of the references make any difference in analyzing the patentability of the claim. So I would not agree that that informs the decision of whether or not the admission is the basis in the Director's guidance. I'm sorry. Just so that the statement AAPA plus Maturzyk you would treat as identical for these purposes to Maturzyk plus AAPA or Maturzyk in view of AAPA? That's correct, Your Honor. Do you think that in this case either Apple has argued for or that the petition supplies a basis for the Board to find unpatentability, or are we viewing it that way, consistent with the constraints on the Board having to follow the petition? Well, I think that's a great example of one of the other reasons that the Director has requested remand in order to address whether or not the admission here was used as evidence of general knowledge and not impermissibly overtaking the entire proceedings, as Your Honor indicated, as an improper basis. That is not a factual decision that the Board made here. So that is something that could be conducted, an analysis that could be conducted on remand. And that would also allow, you know, if there are any disputed facts of whether Qualcomm disputes, in fact, that this is an admission or whether what they've stated in their patent is evidence of general knowledge, that is something else that could be conducted on remand. Otherwise, as the Director put in the guidance, the decision of whether or not admissions are used as evidence of general knowledge can be simply guided by this Court's precedent in Conclique Phillips. We also have the BE Aerospace decision and Arendi v. Apple that all address the use of evidence such as for general knowledge or common sense in addition to a prior art patent. So the main idea is that the 311 analysis be based, and in the Director's guidance at 4535, there is a definition of basis as the starting point. This is a foundational or starting point? Correct, Your Honor. You've read Apple's petition. Is there any reasonable way to read that petition as treating Maserchik but not AAPA as foundational or a starting point? Your Honor, I would respectfully push that question to a question of fact within the Board of Providence to answer that question on remand. So if that is something that would be helpful and guide the Court's, the panel's decision on the use in this case, I think that would be one reason to remand for the Board to make that decision in the first place. This is Judge Chen. Do you have anything more or does the agency have anything more to offer other than the dictionary definition for the word basis to understand what the meaning of that word is in Section 311B? In addition to the meaning of that word, I think this Court has addressed that already. So the addition that we would have would be this Court's precedent, as I mentioned, for example, in Conclique A Phillips or BE Aerospace, where the very similar questions were asked about the use of general knowledge. And really, you know, admissions do boil down as excellent, true admissions in a patent, excellent admissions or excellent evidence of what you know. So the question to figure out for the context of an IPR is, does it matter to the agency how many limitations are being taught by the AAPA versus a cited prior art reference? Does it matter to the agency if the AAPA is doing nothing more than supplying what I'll call routine, conventional, well-known, boring elements and that it's the cited prior art reference that's actually being used to supply the inventive contribution that the inventor provided? I mean, I'm just trying to get a feeling. I mean, you want us to send it back because you want the agency to use its own powers of interpretation and application of an interpretation. But I don't really know at the moment what your understanding is of basis. So is there something you can give me a little bit more on what the PTO's thinking is on the term basis? Well, one source of understanding the proper role that this type of evidence would play in an IPR would come from the Arendi v. Apple decision where they discussed kind of the contours and the proper use of common sense and obviousness analysis. So the first kind of inquiry was whether it's used to provide a motivation to combine. The second was when it's provided or invoked to supply a limitation that was missing, whether the limitations in question were simple, the technology was straightforward. What if it's a claim with ten limitations and you're relying on the AAPA to match up with nine of the ten limitations? And then you're citing a prior art reference for the tenth limitation. But at the same time, when you look at the challenged patent, the challenged patent says the first nine limitations, those are all very well known. And so there's nothing interesting about those. But my contribution is modifying that old boring circuit diagram by adding a new element to it that will improve its performance. And the IPR challenger is now relying on a prior art reference for that tenth element. What's the basis of that challenge? So I think it depends highly on the factual nature of the invention in question and what the exact admission is rather than the number of limitations. But whether the technology was simple, the modification was simple, following this court's guidance. Was my question not enough? Did my question not hypothetically give you enough information on the fact pattern? Respectfully, Your Honor, I would say that it depends on the technology. So whether the technology was particularly straightforward, the limitation in question or the limitations, are there ten elements but they're all together as one? I do think the technology is important to that inquiry. The other question is whether or not the admission is disputed, whether it's proper evidence of general knowledge. Does the patent owner dispute whether or not this is a true admission? It's not disputed in my hypothetical. It's not disputed in my hypothetical, and the technology is straightforward. If the technology is very straightforward, I do not believe the number of limitations is a guidance of whether or not it is a basis. Without commenting on and knowing the full facts, and I understand, Your Honor, the hypothetical is very complete. But if a prior art reference is there, then we do believe that that satisfies the requirement of 311, that the basis be on a prior art patent, which the admission is not. We do agree that the admission is not a prior art patent, and then it does appear that that would fit within this court's precedent in Conclique and Arendi as just supplying the general knowledge of the art. So I do think the guidance is there already in this court's precedent on how to use evidence of general knowledge, evidence of common sense for missing claim limitations, and admission is just another type of that evidence. And it has been frequently used, as we mentioned, in re-exam the history of this limitation in 311. This is Judge Taranto. You've pointed to Arendi, which is all about common sense. Is that the same concept as what's in the prior art, though in an undocumented way? I would think that the common sense law is addressing something different. That is something about being able to say, well, everybody knows a certain technique or something, or is there really no difference so that the Arendi discussion about common sense, you think, should carry over to this concept of a proper non-basis use? So the connection between Arendi and the current case comes from the Conclique Phillips decision, where they do discuss relying on general knowledge to supply a missing claim limitation and discuss the use of common sense and common knowledge that was discussed in Arendi. And so that is where the connection is being made. I think there may be differences in different cases between something that is common sense and what evidence that you use for common sense versus general knowledge. But I do believe that the Arendi decision on common sense does inform the inquiry here as laid out by the panel in Conclique Phillips. Okay. Do my colleagues have any further questions of Ms. Queller? No. Okay. Hearing none, I think we should hear from Ms. Degnan. Thank you, Your Honor. Thank you. Good morning, Your Honor. May it please the Court, Lauren Degnan for Apple. And so I'd like to start with noting that both Qualcomm's and the Patent Office's argument must rely on rewriting what we see as the plain language of the statute to eliminate the consisting of language, to transform prior art as a noun into prior-art as an adjective in order to arrive at an interpretation that they believe is a better policy than the one that is embodied in the language of the statute itself. We would submit that the plain language of the statute really broaches no such change. And if we were to get into policy arguments and the legislative history, both fall squarely on the side of allowing prior art that is contained in a patent or printed publication is, in fact, fully consistent with the policies set forth in the IPR statute and, in fact, the policies set forth by many cases, including the general notion to weed out bad patents. Can you talk to us about the issue we've been talking about for the last half hour? Suppose you're wrong about that. Help, at least me, understand what a proper but non-basis use of the statements of admission here are on the assumption that they are, in fact, they cannot be bases. So, I mean, under your hypothetical, if they cannot be used as bases, and I think there's been some good questions about how we design the contours of the bases, I think that there's no question under Phillips, this court's case is Phillips, that they can be used to supply missing limitations. And I think the conversation about how many limitations, the quantity or the quality of limitations, I don't think we need to drill down to be slicing hairs on that. So they can supply limitations, and in terms of the hypothetical Judge Chen offered, I think there's no question, as it was before the board here, that applicant admitted prior art should be able to supply all the limitations that were acknowledged to be common, standard, known in the art. And then, you know, should there be a qualitative, you know, if the limitation is particularly important, should it be able to fill that? I frankly would say it should be, because I think when we do the 103 analysis, this court has said that all limitations do matter. We look at the sources of prior art collectively. We don't necessarily give any... for cabining the use, so that there isn't essentially a wholesale elimination of the restriction in 311B, whereby evidence is introduced as part of the petition, none of it in the form of a prior art patent or a prior art printed publication, but saying, here are all of the things that practitioners in the field knew from some expert, for example, with nothing cited, just, you know, evidence. So it's not as good as an admission, but nevertheless it's evidence. All of that could essentially supply, you know, the lion's share of the case for obviousness, as long as there is one prior art patent or prior art printed publication that is cited for some of it. So, Your Honor, I will agree with you initially that under your hypothetical, there has to be at least one prior art patent or prior art printed publication. But then I would say from there, you know, there really should not be a limit when it comes to an admission. Admissions are 100% reliable. They cannot be challenged. There's an estoppel associated with them. And if the admission is such that it takes up, you know, the majority of the limitations quantitatively or qualitatively, as long as it's not all of them, there's no reason, you know, certainly based on the plain and ordinary meaning of basis in Section 311, that there should be some further cabining of how the applicant admitted prior art could be used or to expand on your hypothetical, sir, or at least address it, general knowledge as defined in Phillips. So this is Judge Chen. As I understand it, it's starting to sound like for you and I guess Apple, the word basis in Section 311B, basis of prior art consisting of patents or printed publications, as long as you have a prior art reference that is being used to match up with one claim limitation, no matter how qualitatively insignificant that claim limitation is, that's good enough if you're relying on something else, whether it's AAPA or general knowledge of the skilled artisan to satisfy the rest of the claim limitations, whether that's 10, 20, or 30 limitations, as well as the general knowledge of the skilled artisan for supporting a motivation to combine that reference with the AAPA or knowledge. Is that your view of basis? So, Your Honor, our view of basis is that it actually does not do the work that the director puts on it. So I'm answering the hypothetical assuming, I have to agree, that basis is actually limiting the grounds to a prior art patent or publication. But that caveat, to answer your question, I think we have to look at, you always look at the collection of prior art together, and all limitations matter, right? And so I would say if you've got whatever is qualifying as the prior art, whether it be applicant-admitted prior art or general knowledge, we shouldn't be ranking the limitations in some sort of quantitative or qualitative order and then deciding what can be filled in by a prior art patent or prior art printed publication and what can be filled in by admissions or general knowledge. I think that's not really how a 103 analysis works. The traditional 103 analysis assumes all the prior art is before a PCETA and then proceeds to be whether there's a motivation to combine. And I will say there's nothing in Phillips that suggests... Is your answer to my question yes? That that is how you can understand basis of prior art consisting of patents or printed publications so long as you have a prior art reference being asserted for one limitation of a claim, no matter how insignificant that limitation is, then it's okay. Then that satisfies the requirements of 311B, even though you may be using AAPA or knowledge of a skilled artisan for the remaining 20 claim limitations as well as the case for motivation to combine the knowledge of the skilled artisan with the asserted reference. So, Your Honor, yes, I think my answer is yes. The caveat is that we don't view on the basis of limiting 311B to prior art patents and prior art printed publications. Ms. Degnan, this is Judge Bryson. You touched on a point that has been troubling me a little earlier when you alluded to the scope of the estoppel. Are you suggesting that the estoppel in a case in which there is non-prior art that is used as support for finding 103 obviousness would extend to all of the kind of evidence that's being used in a supportive role? So, Your Honor, I was not suggesting in terms of Section 315, estoppel after an IPR has come to final decision. I am not suggesting anything of that sort. I was saying that an admission, I was describing the estoppel as why an admission is inherently reliable because it cannot be disputed. The patent owner who is the master of his own patent application can be held to what he says there because he's estopped from saying otherwise. I was not— So, you're not talking about the kind of IPR estoppel. You're talking about estoppel just prohibiting a party from contradicting himself. That's exactly right, Your Honor. I'm sorry if I— All right. But now, turning to the question of estoppel, if we were to agree with you that with your construction of the statute, I assume that that would mean that the estoppel would be broadened similarly. Right. So, I understand your question, Your Honor, that should an applicant admitted prior art be allowed to be used as part of the grounds in an IPR. I would think that the fact that it was used and it was addressed would— Right, but just to put a point on it, as you know, the estoppel is not limited to what was used, but what reasonably could have been used. So, why wouldn't it be true that under your view, which is not limited to AAPA, but to any kind of evidence of what people would know, including things on sale and things in public use, that the estoppel would extend to anything that the petitioner could have invoked in the proceeding? Could reasonably, I think. Is that the language? I think that's the language of 315. So, Your Honor, we are actually cabining it to applicant admitted prior art. I mean, that is our argument here, and I would agree with you that— Is there a logical basis for that? Again, assuming it is not a prior art patent and a prior art patented publication, your view is that anything else that establishes prior art is fair game as long as there is one of those two types in the proceeding, which would suggest that estoppel would extend to, barring in a district court proceeding or other later PTO proceedings, the invocation of that entire other world of prior art. So, Your Honor, I don't think we're saying it can be literally anything else. We are saying that it can be applicant admitted prior art, and it can be general knowledge under Phillips. So, I'm not sure we're extending it further than that, and the benefit of that— Forget for a minute about what you are asserting. Why would the consequence not be what I am asking about? So, unfortunately, I think your hypothetical is, in some ways, so unbounded, it's difficult to answer. I can answer it with respect to applicant admitted prior art, but then in terms of moving beyond that, because applicant admitted prior art is a known concrete universe. It has to be in a patent or in a printed publication, and there's not going to be a lot of debate as to what the admission was. And so I would agree with you on that point with respect to applicant admitted prior art. The estoppel should extend to wherever such admissions arise in a patent or a printed publication. Could it be that what's going on in 311B is that it's restricting the types of Section 102 prior art that can be the basis for an IPR? So, therefore, assuming for the moment we're talking about 102A prior art patents and printed publications, those documents that predate the invention, this phrase, prior art consisting of patents or printed publications, is necessarily, therefore, excluding the other types of 102 prior art, like evidence of sales or evidence of public use. And as for knowledge of others, well, we've already said that the knowledge of a skilled artisan is always something that is relevant and usable in an IPR. And so, therefore, of course, you can't rely even in part on commercial sales or public uses in an IPR because this phrase necessarily excludes that by limiting the universe to patents or printed publications that predate the invention. So, if I understand your question, you're saying, can we rely on interpretation of 311B as cabining in the later estoppel? And I think the way you articulated it is a good framework. This is me thinking about Judge Toronto's question with you as to whether your position is so broad that the consequence of it, the logical conclusion would be that you're basically allowing everything in that could be deemed prior art. And the answer is, well, maybe the text wouldn't allow that for things like evidence of sales and public uses. Right. So, if I could respond to that, our position is not so broad that evidence of public use and public on sale bar, the things that the legislative history specifically say should not be included because they are sort of a messy dispute that is difficult for the office to administer. We are not saying that. We're saying admissions. So, the admissions are easy to identify. They don't implicate any sort of messy disputes or investigation by the office. And so, only admissions in the scope, there's a well-established body of law as to what an admission is. Only admissions, applicant admitted prior art is what we're talking about. We are not expanding it to include things like public use or on sale bar. I'm sorry. What is it an admission of? Suppose it's just an admission that something was in public use. So, I would say you're on to that question, that hypothetical. If the background of a patent says, you know, figure one depicts a circuit that was sold in 1990, that's an admission that can be used. And can I just ask, I just noticed the following, and I have no idea if it's significant. The estoppel provision uses the word ground, not basis. Is that of any significance? So, Jaron, I would say that this sort of equating basis to ground is not necessarily appropriate. And so, you know, to the extent that there's a distinction there, that would matter. Again, there's nothing in the ordinary meaning of basis or any sort of construction of basis that limits it necessarily to ground or, you know, allows the sort of rewriting the statute we see both the patent office and Qualcomm doing. Any further questions from the panel? Hearing none, I think we should move on and hear rebuttal from Ms. Sweezy. I think you reserved five minutes. Why don't you see if you need any more than that? Okay. Thank you, Judge Toronto. I appreciate it. Let me start off, I think I can address this in about four or five points that I'd like to make, the first two being hopefully quite simple. I heard the Director's Council suggest that the statute might depend on the technology. It does not. The statutory language is clear and Congress limited the types of prior art that can be used to specific categories. It doesn't depend on what technology might be at issue. Second, Apple is attempting, with its reliance on purported admissions, to graft on an additional category, which is also contrary to the statute. We do need to understand that Apple is attempting to use this as a prior art patent, which it is not. We have to go back to the statute. And Judge Chen, with respect to your contemplation about statements about prior art sales, this statement in the 674 patent and the figure is no different than other types of alleged admissions. If they are not the type of prior art that is contemplated by Section 311B, it cannot be part of the combinable art. So, for instance, an admission about a prior art use or sale would not qualify for the same reasons that these statements do not. And third, and I think I really want to address the Court's questions about the role of so-called AAPA versus general knowledge. And it really is a distinction. And in terms of a definition for the basis of an IPR and how the Court might think about it, I would suggest looking at the Yetta case at page 1041 and the Randall versus Ray case at page 1362. The Court there consistently recognizes that there is, on the one hand, evidence that can be used as a basis in an IPR, the asserted references, prior art patents and prior art printed publications. And on the other hand, evidence that can be used to understand a motivation to combine or modify those references. And the Court in Yetta, for instance, says other types of evidence cannot be applied independently but could inform in their proper supporting roles how a person of ordinary skill in the arts might understand those references or be motivated to combine or modify them. Ms. Sweet, just a quick question. What is your side's position on the PTO's request that we remand this? Yes, Your Honor. That was one of my other points. There is no basis or need for a remand here. This is a statutory interpretation question. AAPA asserted grounds that were outside the scope, and the Board relied on those. And there is no open alternate ground for the Board to reconsider on remand. Here's another question. I know you preserved some kind of Arthrex-related argument in your briefing. Hypothetically, what if three weeks from now the Supreme Court issues an opinion in Arthrex that does its own fix to the statute and repudiates the Federal Circuit's proposed fix to render the APJs constitutionally appointed and chooses its own? And so, therefore, the conclusion would be that the Board panel that decided your case was, at that time, not properly appointed under the Constitution. Would you want a remand under that situation, or would you want us to keep going? Respectfully, Your Honor, we would have to evaluate that at the time. But the simplest course would be to reverse because the grounds did not fall within the basis articulated properly under Section 311B. And this relates to the remand question in the sense that I believe Apple, or at least the Board, suggested that there is some sort of factual inquiry that the Board sorry, that the Director suggested there is some sort of factual inquiry that the Board could undertake. That is not correct. This Court, for instance, in Phillips, is fully capable of evaluating whether Apple actually brought a ground on some other basis, and it did not. For instance, the petition never refers to general knowledge or common knowledge. Its expert declaration does not. In fact, there is no reference in the entire appendix other than in the Director's guidance at the very back to anything about general knowledge. And this is the point I wanted to also make in relation to this, what can be a proper non-basis use of evidence that does not fall under Section 311B. There is a distinction between statements and evidence and what those statements and evidence would mean to the person of ordinary skill in the art in the general knowledge. And that is because of the hindsight concerns. Yes, Your Honor. Yeah, I'm sorry. Were you done with that point? I just wanted to reiterate that this Court has made clear that is because of the hindsight concerns of Section 103, and it needs to be substantiated. Importantly here, Apple never brought that issue, but that, I think, is a principal distinction between the statements themselves and how they might be understood by a person of ordinary skill. And in Phillips, this Court understood that the Board there relied on multiple types of evidence to inform the general knowledge, not simply statements in the patent itself, which would be improper for supplying a limitation for purposes of Section 311B. Ms. Tweedy, a while back you mentioned the special status of AAPA, and I just wonder what if you had a case in which there is an admission made in the patent itself, and the day after the patent issued, the applicant, now the patentee, gave a lecture in which he discussed the patent and described the prior art. Would that be admissible, whereas the AAPA in the patent would not? For purposes of Section 311B, no, I don't think so, Your Honor, because those statements would not themselves be a prior art patent or a prior art printed publication. Can I just ask one question, which has, I think, nothing to do with the merits that we've been talking about? Do I understand correctly from the statement of related cases that there is no live, private dispute between Qualcomm and Apple over this patent? That is correct. The cases were litigated to a point, and Apple did, in the ITC, bring in validity challenges which this patent survived, but those cases have since been resolved. The only basis for the challenge claims being found unpatentable is the one ground on which the Board relied, the one basis that was outside the scope of Section 311B. Okay. I think we should wrap this up, then, and I thank all counsel and say that the case is submitted.